■ In the Matter of GERARD J. NIETO, Respondent, v JOHN J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondent, and KENNETH W. DRUMMOND, Appellant.—Judgment, Supreme Court, Bronx County, entered on August 25, 1976, unanimously affirmed, without costs and without disbursements. It cannot be said, as a matter of law, that there are insufficient findings in the referee's report of irregularities, improprieties and fraudulent practices. (See *Matter of Mercorella v Benza,* 37 NY2d 792; 49 AD2d 716.) We have no transcript of the evidence and therefore cannot say that the referee's findings are not supported by the evidence. Concur—Stevens, P. J., Kupferman, Silverman, Capozzoli and Nunez, JJ.

■ In the Matter of FRANCES BROWN, Appellant, v JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents, and EUGENE S. CALLENDER, Respondent. In the Matter of EUGENE S. CALLENDER, Respondent, v HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Respondents, and FRANCES BROWN, Appellant.—Judgments, Supreme Court, New York County, each entered August 25, 1976, unanimously affirmed, without costs and without disbursements. The questions of fact in this case were resolved against the petitioner Frances Brown. In our opinion the record before us substantiates the findings. Concur—Stevens, P. J., Kupferman, Silverman, Capozzoli and Nunez, JJ.

■ In the Matter of ISRAEL RUIZ, JR., Appellant, v EUGENE R. McKENNA, Respondent. In the Matter of EUGENE R. McKENNA, Respondent, v ISRAEL RUIZ, JR., Appellant.—Judgments entered August 20, 1976, in Supreme Court, New York County, which in confirming the reports of a Special Referee (1) denied appellant's application to invalidate respondent's designating petition for nomination for State Senate and (2) granted the application of respondent to validate his designating petition, are affirmed, without costs and without disbursements. In affirming, however, we note our disagreement with Special Term insofar as it confirmed the report of the Referee dated August 18, 1976, which sustained the respondent's objection to the validity of the service of the order to show cause commencing this proceeding. In our opinion this service was sufficient, and the proceeding was properly considered on the merits. We agree, on the merits, that respondent's designating petition was properly sustained as containing a sufficient number of valid signatures. Concur—Stevens, P. J., Kupferman and Capozzoli, JJ.; Silverman and Nunez, JJ., dissent in part and would reverse on the merits and would invalidate respondent's petition on the ground that the petition was so permeated with irregularities as to warrant the invalidation of the entire petition.